The Chief Justice
delivered the opinion.
This bill was filed the !7ihof October, 1815, by Allen and the children and heirs of William Smith, deceased, claiming a moiety of 885 acres of land, tbe'legal title of which is in the defendants, the children and heirs of Mrs. Beal, who was one of the children and heirs of William Kennedy, deceased. The bill alledges that Smith, in his lifetime, and Allen, tn an early period of this country, were in partnership in securing lands, that Allen having discovered some vacant land in the now county of Campbell, agreed with William Kennedy that he should furnish the location and Kennedy the warrant, and each have an equal share of so much land as should be saved — that Allen having made out the location an entry was made accordingly, on a warrant, in the name of Kennedy, for 5150 acres, bearing date the 5th of August, 1785, that Kennedy afterwards being about to move from Mercer, and settle in Campbell, agreed to have the entry or so much as should be clear of dispute, surveyed ; that accordingly a survey was made by Kennedy of 885 acres, on the 18th of October, 1798, in virtue of which a patent issued to Kennedy, bearing date the 3d of June, 1799 — that by Kennedy’s death and some arrangement amongst his heirs, the title passed to Beal and bis wife, who was one of his *555 heirs, and that by their death the title has descended to the present defendants.
A verbal contract, respecting lands, made before the statute of frauds, is valid, & tile act of limitations begins to run from the breach of the contract.
In a bill for a specific execution, tho’some of the eomplaina’ts . may be infants when the cause of action accrues, while others are not, such circumstanc* does not prevent the run. ning of the stat’e of limitations ; all the compl’ts must labor under a disability or the statute runs against all.
If the stat. would have been a bar to an action at law, so also chancer1 for the'chancel lor will noi infice Spe" tion where the law wo’d. noi give damages.
*555 The defendants by their answer, profess an entire ignorance of the complainants right, and plead and rely upon the statute of limitations. The circuit court, on a final hearing, dismissed the bill and the complainants have appealed to this court.
The contract on which the complainants claim is founded, is, no doubt, sufficiently proved, not indeed by the testimony of witnesses who were present at the making of the contract, but by proof of the acknowledgment, first of Kennedy and afterwards by Beal, the immediate ancestor of the defendant, after the title bad come into his hands. But the last of their acknowledgments was made about fifteen years before the fifing of the bill, and the question occurs, whether, after such a lapse of time, the statute of limitations is not a bar to relief in equity.
That the statute would be a bar to an action at law upon this contract is most evident, for the contract was a verbal one, and although it was, nevertheless, valid, in as much as the statute against frauds and perjuries did cot exist in this couutry when the contract was made, yet none but an action of assumpsit could be maintained upon it, and an action of assumpsit is barred by the statute of limitations, if cot brought within five years after the cause of action accrues. The statute could not begin to run until there was a breach of contract, bm Kennedy was certainly bound to convey when the patent issued and bis failure to do so was a breach of the contract.
Upon the emanation of the patent, therefore, the cause ef action accrued, and the statute would then begin to run, which was more than 16 years before filing the bill. Nor would the circumstance that some of the heirs of Smith, who was a partner of Allen, were infants when the cause of action accrued and remained so until within less than four years before the suit was brought, prevent the statute from running, for it is settled that the whole of the plaintiffs, in such a case, must be infants, or labour under some ether disability, to prevent the s'atute from operating as a bar, and it is not pretended that Allen laboured under any disability.
If then the statute would hare operated as a bar to an action at law, founded upon the contract, it would seem to follow that it must equally operate as a bar to a suit in *556 f°un^e<^ upon the same contract; for a court of '8 as bound by tbe statute as a court of law, In fact, in al) cases, the same rules of propriety and tiie Same ru*es ^decision, g°ve>’n both courts, and it is, there-^ore’ a settled rule, that a court of equity will not decree the specific execution of a contract upon which a court of jaw will not give damages,
The decret must be affirmed with costs.